IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BERONICA STARR DURAN,

        Plaintiff,

v.                                No. 1:18-cv-349-KRS

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
Social Security Administration,

        Defendant.

## **OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REVERSE OR REMAND**

Plaintiff seeks review of the Commissioner's determination that she is not entitled to disability benefits under Title II or Title XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383c. With the consent of the parties to conduct dispositive proceedings in this matter, *see* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(b), the Court has considered Plaintiff's Motion to Reverse or Remand for a Rehearing with Supporting Memorandum, filed September 10, 2018 (Doc. 19), the Commissioner's response in opposition, filed October 29, 2018 (Doc. 22), and Plaintiff's reply, filed January 4, 2019 (Doc. 25). Having so considered, the Court FINDS and CONCLUDES that Plaintiff's motion should be DENIED.

### I. PROCEDURAL BACKGROUND

On March 14, 2013, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging that she had been disabled since March 1, 2006, due to depression, high blood pressure, and chronic alcoholism. (AR 318, 321). Plaintiff's claims were denied at both the initial and reconsideration levels of review, and a subsequent hearing before

Administrative Law Judge ("ALJ") Eric Weiss, held on May 26, 2016, again ended in a denial. (AR 53-67).

In making his decision, ALJ Weiss engaged in the required five-step disability analysis,[1] first finding that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of March 1, 2006. (AR 56).[2] At step two, ALJ Weiss found that Plaintiff had the severe impairments of bipolar disorder, not otherwise specified; posttraumatic stress disorder; major depressive disorder; anxiety disorder, not otherwise specified; obesity; and degenerative changes to the thoracic and lumbar spine. (AR 56). At step three, the ALJ determined that none of Plaintiff's impairments, whether alone or in combination, met or medically equaled the severity of a listed impairment. (AR 57).

ALJ Weiss next assessed Plaintiff's Residual Functional Capacity ("RFC"),[3] finding that Plaintiff had the RFC to:

> lift 20 pounds occasionally and to lift and/or carry 10 pounds frequently. Her ability to push and/or pull is limited by her ability to lift and/or carry. She is able to walk and stand for 6 hours per 8-hour workday with normal breaks. She is able to sit for 6 hours per 8-hour workday with normal breaks. She is able to occasionally climb ramps and stairs, but she can never climb ladders, ropes and scaffolds. She can occasionally stoop, crouch, kneel and crawl. She must avoid more than occasional exposure to unprotected heights and to hazardous moving machinery. She is able to understand, remember and carryout simple, repetitive instructions and to make commensurate work-related decisions, in a workplace with few changes. She can have occasional interaction with supervisors, co-workers and the public. She is able to maintain concentration, persistence and pace for 2 hours at a time during the 8-hour workday with normal breaks. I find that this is a limited range of work contained in the light exertional level as defined by 20 CFR 404.1567, 20 CFR 416.967 and SSR 83-10.

---

[1] *See* 20 C.F.R. § 404.1520 (outlining the five-step analysis).
[2] The ALJ also determined that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2009. (AR 55).
[3] The RFC gauges "what the claimant is still functionally capable of doing on a regular and continuing basis, despite his impairments." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). *See also* 20 C.F.R. § 404.1545(a)(1).

(AR 59). The ALJ then proceeded to steps four and five where, with the help of a vocational expert, he determined that Plaintiff could not perform her past relevant work as a housekeeper (at the medium work level), but that she could perform the requirements of representative occupations such as housekeeper (at the light work level); garment sorter; and assembly worker. (AR 65-66). Accordingly, ALJ Weiss concluded that Plaintiff was not disabled. (AR 67).

The ALJ's decision became final when, on February 14, 2018, the Appeals Council denied Plaintiff's request for review. (AR 1-3). *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) (explaining that if the Council denies a request for a review, the ALJ's opinion becomes the final decision). *See also* 20 C.F.R. § 404.900(a)(1)-(5). Plaintiff now asks the Court to reverse the Commissioner's decision arguing, in sum, that the ALJ's RFC determination does not adequately reflect her mental health limitations.

## II. STANDARD

Judicial review of the Commissioner's decision is limited to determining "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). *See also* 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (quotation omitted). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005) (quotation omitted). The Court must examine the record as a whole, "including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* at 1262. "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is

grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (quotation omitted). Even so, it is not the function of the Court to review Plaintiff's claims de novo, and the Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

Cognizant of these analytical confines, the Court has meticulously reviewed the record and determined that Plaintiff's arguments are without merit.

### III. ANALYSIS

Prior to articulating his RFC determination, ALJ Weiss considered the evidence of record, including opinion evidence provided by a variety of health care professionals. Plaintiff argues that the ALJ mistreated opinion evidence submitted by three of these professionals—state agency non-examining psychological consultants Brad Williams, Ph.D. and Dan Cox, Ph.D., and social worker Michelle DiCubellis, LISW—resulting in a flawed RFC determination. Specifically, Plaintiff contends that ALJ Weiss failed to account for all of the limitations assessed by the non-examining consultants and failed to properly consider Ms. DiCubellis' findings.

At the time of the ALJ's decision, licensed physicians, such as Dr. Williams and Dr. Cox, qualified as "acceptable medical sources" whereas licensed social workers, including Ms. DiCubellis, were considered "non-acceptable medical sources" (hereinafter "other sources"). While only an "acceptable medical source" can give medical opinions, establish the existence of a medically determinable impairment, and be considered a treating source, SSR 06-03p, 2006 WL2329939, *2, information from "other sources" "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Id.* Accordingly, an ALJ is

required to consider and weigh every opinion contained in the record. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012); 20 C.F.R. § 404.1527(c), (f).

In determining what weight to give to an opinion, the ALJ evaluates several factors including, inter alia, the supportability and consistency of the opinion. 20 C.F.R. § 404.1527(c)(1)-(6). The ALJ need not expressly consider all of the relevant factors, but his or her decision must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the…medical opinion and the reasons for that weight." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (quotation omitted). Additionally, the ALJ's decision must provide the Court "with a sufficient basis to determine that appropriate legal principles have been followed." *Byron*, 742 F.2d 1232, 1235 (10th Cir. 1984).

The Court finds that ALJ Weiss properly considered the evidence in the question. This evidence is thoroughly discussed in the parties' respective briefings and it would serve no purpose to recount it in its entirety once again. The relevant portions will be discussed below.

### Dr. Williams and Dr. Cox

State agency psychologists Dr. Williams and Dr. Cox reviewed Plaintiff's medical records at the initial and reconsideration levels of review, respectively. As part of their review, both doctors completed a Mental Residual Functional Capacity Assessment ("MRFCA"). In Section I of their assessments, the doctors noted that Plaintiff was moderately limited in her ability to understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods; complete a normal workday/workweek without interruptions from psychologically based symptoms; perform at a consistent pace without unreasonable rest periods; and accept instructions and respond appropriately to criticism from supervisors. (AR 123-24, 136-37, 151-52, 165-66). In Section III of their assessments, the doctors explained that,

while Plaintiff appears "to be in some emotional stress," she "remains very functional"; "seems able to get along with others and complete simple tasks"; and "is able to relate and persist at basic work." The doctors then concluded that Plaintiff was able to "perform work where interpersonal contact is incidental to work performed, e.g. assembly work, complexity of tasks is learned and performed by rote, few variables, little judgment: supervision required is simple, direct and concrete." (AR 125, 138, 153, 166).[4]

ALJ Weiss afforded "significant weight" to this evidence, finding that the doctors' opinions[5] were consistent with objective treatment records. (AR 64). Plaintiff, however, argues that the ALJ's RFC decision fails to account for the entirety of the doctors' findings and thus is at odds with the weight assigned to the evidence. Here, Plaintiff contends that ALJ Weiss "failed to acknowledge adequately" her assessed limitations in terms of maintaining concentration and attention for extended periods and ability to complete a normal workday/workweek. (Doc. 19, p. 12). Then, in her reply, Plaintiff clarifies that she is arguing that ALJ Weiss "did not provide an appropriate explanation for accepting or rejecting these limitations," (Doc. 25, p. 2) (emphasis omitted), leaving a subsequent reviewer unable to follow the ALJ's reasoning. Plaintiff further contends that while the doctors' limited Plaintiff to "incidental interpersonal contact," the ALJ found, without explanation, that she was capable of "occasional" interpersonal interaction. (Doc. 19, p. 13). The Court disagrees.

As explained in the Social Security Administration's Program Operations Manual Systems ("POMS"), the MRFCA is divided into a heading and three sections. POMS DI

---

[4] The doctors also noted that "[t]his is also a Title II claim with a DLI of 9-2009. This portion of her claim is rated as having insufficient evidence due to a lack of medical evidence for this time period." (AR 125, 138, 153, 166).
[5] Findings of fact made by agency physicians at the initial and reconsideration levels of review "become opinions at the administrative law judge and Appeals Council levels of administrative review." SSR 96-6p, 1996 WL 374180, *2 (July 2, 1996). Similarly, RFC assessments made by "State agency medical or psychological consultants or other program physicians or psychologists are to be considered and addressed in the [ALJ's] decision as medical opinions from non-examining sources about what the individual can still do despite his or her impairment(s)." *Id.* at *4.

24510.060. Section I "is a merely a worksheet to aid in deciding the presence and degree of functional limitations…and does not constitute the RFC assessment." POMS DI 24510.060(B)(2)(a). It is in Section III, however, that "the actual mental RFC assessment is recorded, explaining the conclusions indicated in section I, in terms of the extent to which these mental capacities or functions could or could not be performed in work settings." POMS DI 24510.060(B)(4)(a). "[I]f a consultant's Section III narrative fails to describe the effect that each of the Section I moderate limitations would have on the claimant's ability, or if it contradicts limitations marked in Section I, the MRFCA cannot properly be considered part of the substantial evidence supporting an ALJ's RFC finding." *Carver v. Colvin*, 600 F. App'x 616, 619 (10th Cir. 2015) (Unpublished).

Plaintiff neither argues nor suggests that the consultants' Section III analyses are in any way at odds with their Section I findings, and the Court does not find error in the doctors' Section III narratives. Further, the ALJ's RFC findings—that Plaintiff is able to understand, remember and carryout simple, repetitive instructions; make commensurate work-related decisions in a workplace with few changes; have occasional interaction with supervisors, co-workers, and the public; and maintain concentration, persistence, and pace for two hours at a time during the eight hour workday with normal breaks—are on par with the narratives and RFC determinations provided by both Dr. Williams and Dr. Cox viz., that Plaintiff is able to relate and persist at basic work and complete simple tasks, and that she is limited to work "where interpersonal contact is incidental to work performed, e.g. assembly work, complexity of tasks is learned and performed by rote, few variables, little judgment: supervision required is simple, direct and concrete." (AR 125, 138, 153, 166). While the ALJ did not explicitly accept the doctors' Section I findings, it is clear from his decision that he implicitly did so by adopting the

conclusions that were borne out of these findings. The Court, then, finds that the ALJ properly considered the limitations identified by Dr. Williams and Dr. Cox. *See, e.g.*, *Carver*, 600 F. App'x 616, 619 (10th Cir. 2015) (unpublished) (finding that a consultant's narrative adequately "encapsulated the moderate limitation" he marked in Section I and determining that the ALJ "sufficiently captured the essence of the Section III functional limitations").

In regard to Plaintiff's argument as to the discrepancy between the doctors' use of "incidental" and the ALJ's use of "occasional" to describe Plaintiff's interpersonal contact limitations, the Court notes that this is a matter of semantics as both terms indicate a level of infrequency. *See Incidental Definition*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/incidental (last visited March 11, 2019) ("occurring merely by chance or without intention or calculation); *Occasional Definition*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/occasional (last visited March 11, 2019) ("encountered, occurring, appearing or taken at irregular or infrequent intervals"). Additionally, the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* defines "occasionally" as when an "[a]ctivity or condition exists up to 1/3 of the time," which is the lowest available frequency rating other than "not present." US. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993) at 613. Accordingly, the Court finds that the ALJ's determination that Plaintiff is capable of "occasional" interaction with supervisors, co-workers, and the public sufficiently conveys the consultants' findings of "incidental" interaction.

### Michelle DiCubellis, LISW

On or about October 2, 2012, Ms. DiCubellis and Sandra Sorrell, LMHC, completed an Adult Clinical Assessment of Plaintiff at the request of the New Mexico Department of

Corrections. (AR 543-48). After examining Plaintiff, Ms. DiCubellis and Ms. Sorrell recommended that Plaintiff engage in individual and group therapy. (AR 548). From what the Court can glean from the record, it appears that this examination was the only contact between Plaintiff and Ms. DiCubellis, and Plaintiff does not suggest otherwise. *See, e.g.*, Doc. 19, p. 18.

Nearly six months later, on April 4, 2013, Ms. DiCubellis completed a Mental Capacity Assessment of Plaintiff's ability to do work-related activities for use in Plaintiff's disability determination process. (575-77). Ms. DiCubellis assessed Plaintiff with ten extreme, nine marked, and four moderate limitations. (*Id.*). ALJ Weiss afforded little weight to this assessment, explaining that Ms. DiCubellis' opinion is not supported by the evidence of record, there is nothing to suggest that Ms. DiCubellis ever treated Plaintiff, and Ms. DiCubellis is not an acceptable medical source. (AR 62).

Plaintiff takes issue with the ALJ's explanation and argues that the ALJ failed to provide adequate reasons for discounting Ms. DiCubellis' opinion. Here, Plaintiff contends that Ms. DiCubellis should be deemed an examining consultant whose opinion must "be given more weight automatically than that of non-examiners." (Doc. 19, p. 18). Plaintiff further contends that Ms. DiCubellis' opinion is consistent with other evidence contained in the record and that ALJ Weiss "cherry picked his examples from the record. (*Id.* at 17).

As an initial matter, the Court notes that Plaintiff is misguided in her perception that an examining consultant is entitled to automatic deference over non-examining consultants. As explained in *Robinson v. Barnhart*, 366 F.3d 1078 (10th Cir. 2004), "[t]he opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all." *Id.* at 1084. This is not a required hierarchy; rather, deference is determined on the facts of

each case. *See* 20 C.F.R. § 404.1527(c)(1)-(6) (explaining the factors used to determine the weight assigned to each medical opinion). Further, Ms. DiCubellis is not a physician and, with only one recorded encounter between Ms. DiCubellis and Plaintiff, there is no reason to presume that the social worker's opinion should be given more weight than the other opinions of record. As explained in 20 C.F.R. § 404.1527(f)(1), there may be situations in which the opinion of an "other source" is entitled to more weight than the opinion of an acceptable medical source. "For example, it may be appropriate to give more weight to the opinion of a medical source who is not an acceptable medical source if he or she has seen the individual more often than the treating source, has provided better supporting evidence and a better explanation for the opinion, and the opinion is more consistent with the evidence as a whole." *Id.* Plaintiff's argument as to deference, then, is without merit.

Turning to the matter of inconsistency, Plaintiff's request that the Court consider evidence which Plaintiff believes supports and/or is consistent with Ms. DiCubellis' opinion invites the Court to reweigh the evidence of record. This the Court cannot and will not do. *Allman*, 813 F.3d 1326, 1333 (10th Cir. 2016). The ALJ provided numerous examples of inconsistencies between Ms. DiCubellis' opinion and the evidence of record, *see, e.g.*, AR 62, and "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotation omitted).

Plaintiff also argues that the ALJ improperly discounted Ms. DiCubellis' opinion on the ground that the social worker is not an acceptable medical source. This argument, too, fails as ALJ Weiss considered the factors set forth in 20 C.F.R. § 404.1527(c)(1)-(6), and provided

legitimate reasons for affording the opinion little weight; namely, inconsistency and lack of treatment history. *See* 20 C.F.R. § 404.1527(c).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's objections do not warrant disturbance of the ALJ's decision.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse or Remand for a Rehearing (Doc. 19) is hereby **DENIED**.

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**